115 N.J. Super. 111 (1971)
278 A.2d 421
MARGARET SPROCK OR BERNARD EPPS, AGENT FOR MARGARET SPROCK, PLAINTIFFS-RESPONDENTS,
v.
FLORENCE JAMES, ET ALS., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1971.
Decided May 10, 1971.
*112 Before Judges GOLDMANN, LEONARD and FRITZ.
Mr. Richard E. Blumberg argued the cause for appellants (Miss Sandra D. Helbig, Newark Legal Services Project, attorney; Miss Rita L. Murphy, Newark-Essex Joint Law Reform Project, of counsel).
Mr. Herman Chasnow argued the cause for respondents.
The opinion of the court was delivered by FRITZ, J.A.D.
The essence of appellants' argument to this court, emerging from a complicated continuum of landlord and tenant hearings in the county district court, is that the district court erred in entering a judgment for possession for nonpayment of rent without considering proffered equitable defenses, and in paying to the landlord, contemporaneously therewith, the rent in question which had been held first by defendants' escrow agents and later paid into court. A collateral appeal in connection with an application to the Superior Court for removal of the county district court actions pursuant to N.J.S.A. 2A:18-60 has been abandoned.
We are aware that the proceedings below were prior in time to the landmark decision in Marini v. Ireland, 56 N.J. 130 (1970). Nevertheless we agree with defendants that the trial court erred.
The factual setting, while not determined on the merits, is one typical of those increasingly recurrent in the inner city since the Marini decision. Defendants, tenants under month-to-month oral leases, dissatisfied with repairs allegedly made by plaintiff following their complaints to the municipal authorities, withheld their rents from the landlord, paying them instead to escrow accounts. The landlord *113 brought summary dispossess actions in the county district court under N.J.S.A. 2A:18-53.
There is no real dispute with respect to the procedural aspects of the matter. While these are complex, they can be briefly synthesized for the purpose of this determination. On the initial hearing, the factual situation with respect to the rents as related above was disclosed to the court together with a proffer of proof by defendants of equitable defenses relating to habitability. The court expressed concern solely as to whether the rents had been paid to the landlord. The hearings were adjourned to permit defendants to apply to the Superior Court for removal of the dispossess actions to that court under N.J.S.A. 2A:18-60, with the direction at the same time that the rent monies held in escrow be paid into court. The application for removal was denied, and the parties returned to the county district court for further hearings. That court then refused to hear the proffered equitable defenses and determined that the rents were due and owing, whereby judgments of possession (from which warrants of removal later issued) were entered. These directed that the rents held in escrow should be paid to the landlord. We believe this latter action was impelled by the landlord's argument that possession was not enough, and that if she did not receive the rents as well, her mortgage would be foreclosed.
We pause to note the inconsistency in the final determination, of which defendants now understandably complain. The actions were simply for possession on the ground of nonpayment of rent. Brought as they were under the summary dispossess statute, they were not actions for recovery of the rent. To the extent that the rent, held in escrow by direction of the court, was paid over to the landlord, it gave the landlord a remedy not sought and not available in her particular action. To the extent that payment was thus made, the payment abrograted the grounds for possession. Without regard for the moment to the error of the court in refusing to hear the equitable defenses, we hold to the opinion, as *114 defendants urge, that the court's action in permitting the landlord to have both possession and the rent was error.
Additionally, we are convinced that even prior to Marini equitable defenses in an action of this type should have been available to defendants under Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459, 469 (1961). See also Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 124 (1967). To the extent that the court refused these, it erred.
We were advised at oral argument that in the 21 months that have transpired since these matters were heard below, all the tenants involved, except one who chose to pay his rent and hold over for a further term or terms, have been evicted under the warrants of removal or have left. This does not moot the matter because under Marini defendants are entitled to a determination, upon proper proofs, as to whether they should receive the benefit of a diminution in rent.
While we have no difficulty in thus concluding that error prejudicial to defendants infected the determination below and that the actions should be retried, the problem of the remedy to be afforded at this late date is troublesome. We reject defendants' contention that the monies should now be returned to the tenants, leaving the landlord  who has obtained the possession she sought  to her remedy of another action to recover rent for the period during which the tenants admittedly occupied the premises and did not pay the rent other than as outlined above. Rather, we see no reason why we should not now do that which should have been done before. Accordingly, we reverse with directions that the landlord shall repay to the county district court clerk the monies paid to her under the judgment below, without interest. The court below shall schedule the matters for rehearing promptly, and shall hear each of the causes in which the defendant appears. In the event of nonappearance by defendant after proper notice, the prior judgment shall not be disturbed as to that defendant. With respect to the actions thus heard, *115 since possession is no longer an issue, the court shall consider only whether the rental due should be diminished in whole or in part by virtue of the considerations suggested in Reste Realty v. Cooper, 53 N.J. 444 (1968) and later given life and form in Marini. The court should also hear any other equitable defenses offered by defendants. Since possession is no longer the question, defendants shall in each case bear the burden of proof. Upon the conclusion of those hearings, the court shall order such distribution of the funds in court as the evidence compels. It should also set off against the portion of the funds due the respective tenants, if any, any obligation of that tenant for rent proved by the landlord to be due and owing for tenancy after the prior hearings and before removal.
Reversed and remanded in accordance with the foregoing. No costs. We do not retain jurisdiction.