ROBERT GOLDBERG, PLAINTIFF-RESPONDENT, v. BRENDA HALE, DEFENDANT-APPELLANT.

FRANK G. LAGANA, PLAINTIFF-RESPONDENT, v. DALE CROS-BY AND ADELBERT CROSBY, DEFENDANTS-APPELLANTS.

**Superior Court of New Jersey**
Appellate Division

Argued January 3, 1980—Decided January 16, 1980.

Before Judges FRITZ, KOLE and LANE.

*Cindy K. Miller* of the Mercer County Legal Aid Society, argued the cause for appellants (*Cindy K. Miller*, of counsel and on the brief).

*Sheldon Zelig* argued the cause for respondent Robert Goldberg (*Stier & Douglen*, attorneys; *Sheldon Zelig*, on the brief).

Respondent Frank G. Lagana did not file a brief.

The opinion of the court was delivered by

FRITZ, P. J. A. D.

The tenants in these consolidated summary dispossess actions appeal from orders turning over to their landlords rent money that they had deposited in court.

The pertinent facts in both cases are virtually identical. Both defendants were month-to-month tenants. Both withheld rent

because allegedly defective conditions rendered their apartments uninhabitable. The respective landlords instituted summary dispossess actions based on nonpayment of rent. On the return days the tenants indicated that they intended to raise habitability defenses. These were scheduled to be heard at a future date, but in the meantime the tenants were instructed to deposit past and subsequently accruing rent into court, a procedure sanctioned by *Marini v. Ireland*, 56 *N.J.* 130, 147 (1970). However, before the scheduled hearing on the habitability defenses the tenants moved to other quarters. As a result, the only question before the court concerned that which should be done with the rent money deposited in court.

The trial judge ordered the funds turned over to the respective landlords. In the *Goldberg* case the trial judge held that a move from the premises produced a loss of "that right of set-off in the summary dispossess proceeding," although "of course, that does not preclude her from filing a separate civil action for money damages for abatement of rent that she's paid, or to recover a portion of the rent that she's paid in money from the landlord retroactively." In *Lagana* the same trial judge held, "When the tenant voluntarily vacates the property the issues of possession, which are the only issues in a summary dispossess proceedings are thereby mooted and the court has no further jurisdiction in the matter." He went on to say that "the most equitable distribution of the rents moneys that are deposited with the court under circumstances such as this is to release them to the landlord and permit the tenant to initiate his regular legal actions in order to recover damages from the landlord, if he has such rights."

We disagree and reverse.

An action for possession grounded upon nonpayment of rent presumes a determination of the amount of rent which is due and unpaid and, more than that, owing. *Marini v. Ireland*, 56 *N.J.* 130, 139 (1970). Once a tenant deposits money at the direction of the court in order to preserve his right to challenge

the amount owing on the basis of habitability complaint, the court may not divest itself of the jurisdiction invoked by the summary dispossess action until all the issues have been determined. *Sprock v. James,* 115 *N.J.Super.* 111 (App.Div.1971). Although the possession issue may well have been mooted, the question necessarily implicated by commencement of the action, *i. e.,* the amount of the rent owing, was not.

Beyond this we are not provided with any findings of fact respecting why the judge felt "the most equitable disposition" was a handing over to the landlords of the deposited money. *R.* 1:7 4; *Reiser v. Simon,* 63 *N.J.Super.* 297, 300 301 (App.Div. 1960). We have only his statement amounting to an announcement of his conviction that since the tenants still have recourse to a civil action, they should be relegated to that remedy. The fact is, of course, that the landlords also presumably might well resort to a civil action.

As we indicated in *Sprock v. James, supra,* since a proper judgment necessarily implicates distribution of the court held rent money, there must be a hearing on and consideration of the equitable defenses, particularly as they are relevant to abatement, even though the possession issue has become moot.

We believe it entirely appropriate to adopt here the procedure utilized in *Sprock v. James* :

. . . [T]he landlord[s] shall repay to the county district court clerk the monies paid to [them] under the judgment below, without interest. The court below shall schedule the matters for rehearing promptly, and shall hear each of the causes in which the defendant appears. In the event of nonappearance by defendant after proper notice, the prior judgment shall not be disturbed as to that defendant. With respect to the actions thus heard, since possession is no longer an issue, the court shall consider only whether the rental due should be diminished in whole or in part by virtue of the considerations suggested in *Reste Realty v. Cooper,* 53 *N.J.* 444 (1968) and later given life and form in *Marini.* The court should also hear any other equitable defenses offered by defendants. Since possession is no longer the question, defendants shall in each case bear the burden of proof. Upon the conclusion of those hearings, the court shall order such distribution of the funds in court as the evidence compels. It should also

set off against the portion of the funds due the respective tenants, if any, any obligation of that tenant for rent proved by the landlord to be due and owing for tenancy after the prior hearings and before removal. [115 *N.J.Super.* at 114- 115.]

We repeat, for the purpose of emphasis, that defendants must bear the burden of proof with respect to the equitable defenses.

Reversed and remanded in accordance with the foregoing. We do not retain jurisdiction.