**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3158-21

BENJAMIN H. REALTY CORP.
and BEN HALSTED, LLC,

     Plaintiffs-Respondents,

v.

INEZ D. YOUNG,

     Defendant-Appellant.

Submitted November 15, 2023 – Decided December 12, 2023

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-005138-21.

Seton Hall Law School Center for Social Justice, attorneys for appellant (Abdul Rehman Khan and Diane K. Smith, on the brief; Caitlin E. Whetham, law student, appearing pursuant to Rule 1:21-3(b), on the brief).

Respondents have not filed briefs.

McCarter & English, LLP, attorneys for amicus curiae New Jersey Tenants Organization (Lisa Bonsall,

Michelle Movahed, and Michelle K. Smith, on the brief).

PER CURIAM

In this landlord-tenant action, defendant/tenant Inez D. Young appeals from the May 3, 2022 order denying her <u>Marini</u> defense[1] to a summary dispossess (eviction) complaint and dismissing the eviction complaint upon release of the deposited rent to plaintiffs/landlords Benjamin H. Realty Corp. and Ben Halsted, LLC. Defendant vacated the leased premises over four months after the order was entered and while this appeal was pending. Since this court can grant no further relief, we dismiss the appeal as moot.

We set forth the salient facts from our careful review of the record. On February 11, 2021, defendant leased an apartment from plaintiffs. Defendant subsequently withheld rent based upon the contention that plaintiffs breached the implied warranty of habitability through failing to remediate electrical outages, water damage, and rodent infestation, among other issues. On May 21, 2021, plaintiffs filed an eviction complaint seeking to regain possession of the

---

[1] Tenants can assert an entitlement to a partial or total rent abatement for the period in which habitability issues remain unresolved after the landlord is given notice and an opportunity to cure the defects. <u>See</u> <u>Marini v. Ireland</u>, 56 N.J. 130, 146 (1970).

apartment from defendant based upon non-payment of rent.  Defendant asserted a Marini defense and argued she was entitled to an abatement of rent due from January to April 2022 because of the continuing habitability issues in the apartment.[2]

On March 1, 2022, the court ordered defendant to post all then-outstanding 2022 rent pending trial.  Trial proceeded and on April 26, 2022, the court issued an oral decision denying defendant's Marini defense, compelling the deposited rent to be released to plaintiffs and ordering dismissal of the eviction complaint upon release of the funds.  On May 3, 2022, the court issued a memorializing order.

On June 14, 2022, defendant appealed the order but did not request a stay pending appeal.  Defendant asserts that she vacated the apartment in September 2022.

On appeal, defendant contends the court erred in finding that plaintiffs met their burden at the Marini hearing.  Defendant further argues that the court improperly excluded relevant evidence and made credibility findings contrary

---

[2]  Defendant previously asserted she was entitled to an abatement beginning March 2021, but agreed to limit her defense to the period of January to April 2022 before trial commenced.

A-3158-21

to the facts established in the record. Defendant posits that we have jurisdiction to decide these issues on appeal even though defendant moved from the apartment.

Plaintiffs did not submit a brief and, instead, on January 27, 2023, filed a motion to dismiss the appeal based upon mootness. On February 13, we denied the motion without prejudice, allowing plaintiffs an additional thirty days to file a brief on the merits. On March 10, plaintiffs submitted a non-participation letter advising they would not be filing a brief. We granted the New Jersey Tenants Organization (NJTO)'s motion for leave to appear as amicus curiae, which filed an amicus brief in support of defendant's arguments.

On November 14, 2023, plaintiffs filed a motion seeking clarification of our February 13, 2023 order and alternatively renewing their request to dismiss the appeal as moot. On November 27, we denied the motion subject to our consideration of the mootness issue in connection with this appeal.

Whether this appeal is moot based upon defendant's voluntary relocation from the leased premises after the dismissal of the eviction complaint and during the pendency of this appeal is a threshold determination. "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm."

A-3158-21

Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (internal quotation marks omitted)).

"Ordinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot." Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) (citing Ctr. Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 347 (App. Div. 1993)); see also Daoud v. Mohammad, 402 N.J. Super. 57, 61 (App. Div. 2008). We generally "do not resolve issues that have become moot due to the passage of time or intervening events." Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (App. Div. 2018) (quoting State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016)).

Unlike in Sudersan, defendant here did not raise any significant "residual legal consequences" that resulted from the entry of the May 3, 2022 order. Sudersan, 386 N.J. Super. at 251 (declining to dismiss an appeal as moot where the eviction carried "legal consequences potentially adverse" to the tenant because the tenant's federal Section 8 subsidy could be revoked as a result of the eviction). This particular case also does not present "a matter of sufficient

5

public importance" to warrant our consideration and, instead, raises issues of concern to only this defendant. Rampersaud v. Hollingsworth, 456 N.J. Super. 502, 505 (App. Div. 2018).

Defendant asserts that we have jurisdiction over this appeal pursuant to Goldberg v. Hale, 172 N.J. Super. 31, 33-34 (App. Div. 1980).[3] Since Goldberg, we have dismissed other appeals as moot where the tenant vacated the premises prior to our decision. See, e.g., Ctr. Ave. Realty, Inc., 264 N.J. Super. at 347, 353; Daoud, 402 N.J. Super. at 61 ("Because the court's jurisdiction is limited to determining the issue of the landlord's right to possession of the premises, and, as previously noted, the tenant vacated the premises and the premises have been re-rented, the issue can no longer be determined").

We are unconvinced that Goldberg is controlling since our decision in that case was predicated upon a materially different record. In Goldberg, the defendants vacated before trial after depositing the outstanding rent with the court. 172 N.J. Super. at 33. The court released all of the deposited funds to the plaintiffs/landlords without substantively deciding the Marini defense or issuing a statement of reasons for its decision pursuant to Rule 1:7-4. Id. at 33-

---

[3] Defendant raised this issue only by citation to Goldberg in a footnote on page 8 of the appellate brief.

34. We reversed, stating "the court may not divest itself of the jurisdiction invoked by the summary dispossess action until all the issues have been determined." Id. at 34.

Since the court never ruled on the Marini defense, the defendants in Goldberg still had a sufficient stake in the outcome. Id. at 33-34. Unlike the facts before the court in Goldberg, defendant here chose to vacate the leased premises over four months after all issues were decided and there was no eviction action pending.

Even if defendant was successful on appeal, a remand would be meaningless since "[t]he only remedy that can be granted in a summary-dispossess proceeding is possession; no money damages may be awarded." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 280 (1994); see also Green v. Morgan Props., 215 N.J. 431, 449 (2013) (finding that "no money judgment can be awarded in the Landlord/Tenant Part"). Plaintiffs already have possession of the property since defendant voluntarily vacated after dismissal of the eviction complaint. In addition, defendant is not foreclosed to pursue other non-possession remedies in a separate action, if appropriate. See Fargo Realty, Inc. v. Harris, 173 N.J. Super. 262, 267 (App. Div. 1980).

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

The appeal is dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3158-21