275 N.J. Super. 125 (1994)
645 A.2d 1189
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEVIN LAMBERT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 15, 1994.
Decided March 11, 1994.
*126 Before Judges MICHELS and KESTIN.
Susan L. Reisner, Acting Public Defender, attorney for appellant (J. Michael Blake, Assistant Deputy Public Defender, of counsel and on the brief).
Deborah T. Poritz, Attorney General of New Jersey, attorney for respondent (Linda A. Rinaldi, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Tried to a jury, defendant Kevin Lambert was convicted of (1) possession of cocaine, a crime of the third degree, in violation of N.J.S.A. 2C:35-10a(1) (Count 1); (2) possession with intent to distribute cocaine, a crime of the third degree, in violation of *127 N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3) (Count 2); and (3) possession with intent to distribute cocaine within 1,000 feet of school property, a crime of the third degree, in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-7 (Count 3). The trial court merged defendant's convictions for possession of cocaine under Count 1 and for possession with intent to distribute cocaine under Count 2 into his conviction for possession of cocaine with intent to distribute cocaine within 1,000 feet of school property under Count 3 and committed defendant to the custody of the Commissioner of the Department of Corrections for three years with a three year period of parole ineligibility. In addition, the trial court assessed a $1,000 Drug Enforcement Demand Reduction penalty and a $50 laboratory fee and suspended defendant's New Jersey driver's license for six months. Defendant appeals.
Defendant seeks a reversal of his convictions and a remand for a new trial or, alternatively, a remand for resentencing on the following grounds set forth in his brief.
I. THE TRIAL COURT'S REFUSAL TO GRANT A MISTRIAL AND ITS EARLIER REFUSAL TO GRANT AN ADJOURNMENT TO ALLOW THE DEFENSE TO OBTAIN A PSYCHIATRIC EVALUATION OF THE DEFENDANT TO DETERMINE HIS COMPETENCY AND WHETHER THERE EXISTED A POTENTIAL DIMINISHED CAPACITY DEFENSE DENIED DEFENDANT DUE PROCESS OF LAW AND A FAIR TRIAL IN VIOLATION OF THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF NEW JERSEY.
A. Competency
B. Diminished Capacity
II. THE TRIAL COURT ERRED IN DENYING THE SUPPRESSION MOTION BECAUSE THE ANONYMOUS TIP DID NOT PROVIDE PROBABLE CAUSE EITHER TO SEIZE THE DEFENDANT OR SEARCH THE HALLWAY AND THE DEFENDANT DID NOT RELINQUISH HIS PRIVACY INTEREST IN THE PLASTIC BAG WHICH HE ATTEMPTED TO HIDE.
A. The Anonymous Tip And Observation That Defendant Tossed Something Into The Hallway Did Not Provide Probable Cause Justifying The Defendant's Seizure And Removal From The Porch.
B. The Defendant Did Not Relinquish A Reasonable Expectation Of Privacy When He Attempted To Hide The Plastic Bag From The Police.
C. The Plain View Exception Does Not Justify The Warrantless Search.
III. THE PROSECUTOR'S SUMMATION COMMENTS, DESIGNED TO ESTABLISH THAT POLICE TESTIMONY WAS CREDIBLE BECAUSE IT *128 WAS PROVIDED BY POLICE OFFICERS, WHO WOULD NOT RISK THEIR CAREERS BY LYING, VIOLATED DEFENDANTS RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9, 10 (Not Raised Below).
IV. THE COURTS IMPOSITION OF A THREE YEAR PERIOD OF PAROLE INELIGIBILITY WAS ERRONEOUSLY BASED ON ITS BELIEF THAT SUCH A SENTENCE WAS MANDATORY.
The Post-Conviction Guideline Does Not Alleviate The Separation Of Powers Violation Inherent In N.J.S.A. 2C:35-12 And Violates The Defendant's Right To Due Process Of Law.
Defendant first contends that the trial court's refusal to adjourn the trial to permit him to undergo a psychiatric evaluation prevented it from reaching an informed decision as to his competency to stand trial and prevented him from raising a diminished capacity defense.
It is well established that to bring a legally incompetent defendant to trial violates due process. Drope v. Missouri, 420 U.S. 162, 171-72, 95 S.Ct. 896, 903-04, 43 L.Ed.2d 103, 112-13 (1975); State v. Spivey, 65 N.J. 21, 36, 319 A.2d 461 (1974); State v. Auld, 2 N.J. 426, 435, 67 A.2d 175 (1949); N.J.S.A. 2C:4-4a. If there exists a "bona fide doubt" regarding a defendant's competency to stand trial, the court should hold a competency hearing. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815, 822 (1966); State v. Spivey, supra, 65 N.J. at 37, 319 A.2d 461; State v. Cecil, 260 N.J. Super. 475, 480, 616 A.2d 1336 (App.Div. 1992), certif. denied, 133 N.J. 431, 627 A.2d 1138 (1993); State v. Pugh, 117 N.J. Super. 26, 31, 283 A.2d 537 (App.Div. 1971), certif. denied, 60 N.J. 22, 285 A.2d 563 (1972); N.J.S.A. 2C:4-5a. As explained in State v. Spivey, supra, 65 N.J. at 36, 319 A.2d 461:
The standard to be applied in determining whether one is capable of standing trial was clearly set out in State v. Auld, 2 N.J. 426, 435 [67 A.2d 175] (1949):
One unable to comprehend his position, to consult intelligently with counsel and plan his defense cannot be put to trial. If the condition of a defendant's mind is brought into question in this respect at the time of pleading or at trial, either from observation or at the suggestion of counsel the question should be immediately settled.
See State v. Gibson, 15 N.J. 384, 387-388 [105 A.2d 1] (1954); State v. Lucas, 30 N.J. 37, 73 [152 A.2d 50] (1959); State v. Caralluzzo, 49 N.J. 152, 155 [228 A.2d *129 693] (1967). The determination of this preliminary question is within the inherent power of the court.
Once a defendant raises a bona fide doubt as to competency, the burden rests with the State to establish competency to stand trial by a preponderance of the evidence. State v. Otero, 238 N.J. Super. 649, 652-54, 570 A.2d 503 (Law Div. 1989). "[A] trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." Drope v. Missouri, supra, 420 U.S. at 181, 95 S.Ct. at 908, 43 L.Ed.2d at 119. Furthermore, a defendant's attorney's representations concerning the competence of his client is a factor that must be considered. Id. at 177 n. 13, 95 S.Ct. at 906, n. 13, 43 L.Ed.2d at 116 (noting that although courts are not required to accept "without question a lawyer's representations concerning the competence of his client, an expressed doubt in that regard by one with `the closest contact with the defendant,' is unquestionably a factor which should be considered.") (citations omitted). See also State v. Cecil, supra, 260 N.J. Super. at 481, 616 A.2d 1336. "It is to be ordinarily expected that defense counsel, who is in a far better position than the trial judge to assay the salient facts concerning the defendant's ability to stand trial and assist in his own defense, would originate the request that [a hearing] be conducted." State v. Lucas, supra, 30 N.J. 37, 74, 152 A.2d 50 (1959).
The evidence necessary to establish the requisite bona fide doubt as to a defendant's competence is difficult to articulate, and the United States Supreme Court has stated: "There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed." Drope v. Missouri, supra, 420 U.S. at 180, 95 S.Ct. at 908, 43 L.Ed.2d at 118. Nevertheless, the United States Supreme Court further explained in Drope v. Missouri, supra, that:
The import of our decision in Pate v. Robinson is that evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether future inquiry is required, but that even one of these factors standing alone may, in some circumstances, be sufficient.
[Ibid.].
*130 In Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824, 825 (1960), the United States Supreme Court established the minimum requirements for determining whether a defendant is competent to stand trial, namely, "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding  and whether he has a rational as well as factual understanding of the proceedings against him." In New Jersey, the test of competence to stand trial on criminal charges has been codified by N.J.S.A. 2C:4-4b, which provides:
(1) That the defendant has the mental capacity to appreciate his presence in relation to time, place and things; and
(2) That his elementary mental processes are such that he comprehends:
(a) That he is in a court of justice charged with a criminal offense;
(b) That there is a judge on the bench;
(c) That there is a prosecutor present who will try to convict him of a criminal charge;
(d) That he has a lawyer who will undertake to defend him against that charge;
(e) That he will be expected to tell to the best of his mental ability the facts surrounding him at the time and place where the alleged violation was committed if he chooses to testify and understands the right not to testify;
(f) That there is or may be a jury present to pass upon evidence adduced as to guilt or innocence of such charge or, that if he should choose to enter into plea negotiations or to plead guilty, that he comprehend the consequences of a guilty plea and that he be able to knowingly, intelligently, and voluntarily waive those rights which are waived upon such entry of a guilty plea; and
(g) That he has the ability to participate in an adequate presentation of his defense.
Application of these principles compels the conclusion that the trial court should have adjourned the trial and ordered a psychiatric evaluation of defendant. The record shows that on January 28, 1992, prior to the commencement of trial, defense counsel requested an adjournment in order to have defendant undergo a psychiatric examination to determine his competency to stand trial. Defense counsel advised the trial court that when he first undertook to represent defendant he asked him if he had any prior psychiatric or psychological history and that defendant denied any problems in the past or anything of that nature. However, *131 defendant subsequently advised defense counsel that he was taking Stelazine. As a result, defense counsel sent his investigator to the Middlesex County Jail and obtained defendant's medical records. The medical records showed that defendant had been placed on and off suicide watches, had been placed on Stelazine, was found to have varying levels of paranoia, was suicidal and homicidal, his thinking was characterized as being "strange" and he had a history of altercations with the guards and other inmates. Defense counsel informed the trial court that on April 20, 1991, defendant was diagnosed as schizophrenic and on January 20, 1992, just eight days prior to the trial, defendant was diagnosed as paranoid and prescribed Stelazine because he was "aggressive, paranoid and causing problems in the institution."
Additionally, defense counsel advised the trial court that he was concerned about the type of defense defendant wanted to present to the jury and was particularly concerned that defendant was relying on advice from God and his psychiatrist and that defendant may have believed they were in the courtroom to represent him. Specifically, defense counsel informed the trial court that defendant told him that "he talks to God every night, and God told him to go up and see God and come to court and tell the truth and he would get acquitted," and that "God was talking through the psychiatrist. In other words, words the psychiatrist was telling him were actually God's words." Although defense counsel was "in a far better position than the trial judge to assay the salient facts concerning the defendant's ability to stand trial and assist in his own defense," State v. Lucas, supra, 30 N.J. at 74, 152 A.2d 50, the trial court refused to adjourn the trial so that defendant could be evaluated psychiatrically.
On this record, a bona fide doubt was raised as to defendant's competence to stand trial. The trial court, therefore, should have adjourned the trial to enable defendant to be evaluated by a psychiatrist to determine (1) whether he was competent to stand trial and (2) if so, whether there was a valid basis to raise a diminished capacity defense under N.J.S.A. 2C:4-2.
*132 Furthermore, the error was not cured by the trial court's ordering a presentence psychiatric examination of defendant. Dr. Robert A. Hartman, the court-appointed psychiatrist, diagnosed defendant as suffering from "schizoaffective disorder with symptoms of paranoia, auditory hallucinations, and labile mood." While recognizing that defendant suffered from a genuine psychiatric disorder, Dr. Hartman felt that some of his psychiatric symptoms were possibly fabricated. Finally, as to defendant's competency, Dr. Hartman opined:
This defendant, in spite of his psychiatric symptoms, appears to understand the charges against him and to be capable of cooperating with an attorney in mounting an effective defense. He appears capable of using the legal system to his own best advantage. Although he gives a delusional account of the alleged offense, there is no evidence that his delusions or disordered thinking would result in his foregoing any promising legal avenue. During this examination I found no compelling evidence of an exculpatory psychiatric condition. His psychiatric condition could be considered a slightly mitigating circumstance. It is possible that further information about the exact nature of the alleged offense, the defendant's involvement in it, and his mental state may indicate more exculpatory or mitigating factors.
Although one could conclude from Dr. Hartman's opinion that defendant may have been competent to stand trial,[1] his opinion does not resolve the issue as to whether defendant had a valid basis to raise a diminished capacity defense under N.J.S.A. 2C:4-2. This statute provides:
Evidence that the defendant suffered from a mental disease or defect is admissible whenever it is relevant to prove that the defendant did not have a state of mind which is an element of the offense. In the absence of such evidence, it may be presumed that the defendant had no mental disease or defect which would negate a state of mind which is an element of the offense. Mental disease or defect is an affirmative defense which must be proved by a preponderance of the evidence.
*133 See State v. Moore, 113 N.J. 239, 283-84, 550 A.2d 117 (finding plain error in the failure to charge on diminished capacity); State v. Juinta, 224 N.J. Super. 711, 723, 541 A.2d 284 (App.Div.), certif. denied, 113 N.J. 339, 550 A.2d 453 (1988) (interpreting N.J.S.A. 2C:4-2 to relate "to any required state of mind, without limitation.").
Finally, we recognize that defendant did not raise a diminished capacity defense prior to trial as required by R. 3:12. Nonetheless, the rule "does not require exclusion of either an insanity or a diminished capacity claim; it provides only that for failure to comply with the rule, `the court may take such action as the interest of justice requires.'" State v. Jasuilewicz, 205 N.J. Super. 558, 574, 501 A.2d 583 (App.Div. 1985), certif. denied, 103 N.J. 467, 511 A.2d 649 (1986). We are convinced from our review of the record that the interest of justice would have been better served by a grant of defense counsel's motion to adjourn the trial in order to enable defendant to undergo a psychiatric examination. The trial court then would have been in a position to decide whether defendant was competent to stand trial and, if so, whether there was a basis to raise a diminished capacity defense. Stated simply, once defendant raised a bona fide doubt as to his competency, the question should have been "immediately settled," State v. Spivey, supra, 65 N.J. at 36, 319 A.2d 461, by ordering defendant to undergo a psychiatric evaluation and, if necessary, conducting a hearing on these critical issues. In the circumstances, the trial court's failure to grant the adjournment and order the psychiatric evaluation constituted reversible error.
Consequently, we are constrained to reverse defendant's convictions and remand the matter for a new trial on all issues. We direct that prior to any new trial, defendant be evaluated psychiatrically to determine whether he is competent to stand trial and, if so, whether there is a valid basis to raise a diminished capacity defense under N.J.S.A. 2C:4-2. Since we have reversed defendant's convictions and remanded the matter for a new trial, we *134 need not decide the other issues challenging defendant's convictions and the sentence imposed thereon.
Accordingly, the judgment of conviction and order for commitment under review are reversed, and the matter remanded to the trial court for further proceedings consistent with the views expressed in this opinion.
NOTES
[1] It is important to note that in evaluating Dr. Hartman's post-trial opinion as to defendant's competency to stand trial, the doctor qualified his opinion by a special note, stating: "It is always my recommendation, especially where questions of culpability or other delicate medical or legal issues are involved, that the defense obtain its own expert psychiatric advice." Thus, a question was also raised as to whether defendant should have been evaluated by his own psychiatrist prior to sentencing.