**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5722-17

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEFFREY D. GRIFFIN, JR.,

     Defendant-Appellant.

_____

Submitted January 5, 2021 – Decided March 5, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-12-0194.

Joseph E. Krakora, Public Defender, attorney for appellant (Jill J. Pomeroy, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Lauren Bonfiglio, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Three times, three different judges granted defendant's request to represent himself at his criminal trial. After questioning defendant, each judge found that he understood the risks he was taking and was competent to represent himself. At trial, however, defendant requested adjournments and the appointment of counsel, contending that he was suffering from a mental illness. The trial judge denied those requests, finding that defendant was competent.

The jury convicted defendant of five second-degree crimes: theft by deception, N.J.S.A. 2C:20-4 and 2C:2-6; misapplication of entrusted property, N.J.S.A. 2C:21-15 and 2C:2-6(a); securities fraud, N.J.S.A. 49:3-52 and 2C:2-6; misleading securities filings, N.J.S.A. 49:3-54 and 2C:2-6; and money laundering, N.J.S.A. 2C:21-25(b)(1) and 2C:2-6. Defendant was sentenced to an aggregate prison term of ten years.

Defendant appeals and argues that the trial court erred in denying his request for an adjournment so that he could undergo a psychological evaluation and obtain counsel. He contends that his convictions should be vacated. We reject his argument because the record reflects that the trial court found that defendant was competent to continue to represent himself and his requests for adjournments were a delaying tactic.

A-5722-17

I.

Defendant was a stockbroker who established his own trading company. In October 2013, he was indicted for theft and misapplication of entrusted property. The State alleged that defendant had taken hundreds of thousands of dollars from investors and used substantial portions of those funds for his personal expenses. The State also asserted that defendant had misrepresented who he worked for and had lost other funds in poor investments. Finally, the State contended that defendant lied to the New Jersey Bureau of Securities when it investigated the losses.

At the beginning of the litigation, defendant was represented by counsel. He first hired counsel, but after that counsel withdrew, he was represented for several months by a public defender. In 2014, however, the trial court found that defendant was not indigent. Accordingly, the court allowed the public defender's office to withdraw as defendant's counsel and advised defendant to hire new counsel.

After substantial delays, defendant retained new counsel, but that counsel was later allowed to withdraw because defendant would not communicate with them. Following further delays, defendant requested to represent himself.

A-5722-17

On November 17, 2015, a judge conducted a hearing on defendant's request. The judge extensively questioned defendant, who testified that he had no learning disabilities or psychological issues. Defendant expressed ignorance about the law and trial procedures but told the court that he would do "whatever it takes" to prepare for trial. Defendant also explained that he had represented himself in a civil action brought by two of the victims of his alleged criminal theft and misapplication of entrusted funds. He elaborated that in the civil action he had given opening and closing statements, cross-examined witnesses, testified and presented evidence. The judge told defendant that he believed defendant was making a mistake, given his lack of knowledge, "minimal involvement" in his civil case, and lack of preparation. After the judge warned defendant of the risks of self-representation, defendant stated that he understood those risks and nevertheless wanted to represent himself. Accordingly, consistent with defendant's constitutional rights, the judge granted defendant's application and appointed stand-by counsel.

In December 2015, a grand jury issued a superseding indictment charging defendant with theft by deception, misapplication of entrusted property, securities fraud, misleading securities filings, and money laundering. Defendant then applied for and was assigned counsel through the public defender's office.

4

Several months later, in March 2016, defendant sent a letter to the court advising that he did not want to be represented by his assigned counsel and he again wanted to represent himself.

On April 4, 2016, the assignment judge conducted a hearing on defendant's request. The assignment judge extensively questioned defendant and defendant testified he understood the charges against him, understood the potential sentences and penalties he faced if convicted, understood what he needed to do to represent himself, and repeatedly stated that he wanted to represent himself. Defendant also testified that he was mentally sound and that he never had any substance abuse treatment or psychiatric problems. Defendant was warned that he would be held to the same standards as an attorney if he represented himself, and defendant said he understood that responsibility. Based on defendant's testimony, the assignment judge found that defendant was voluntarily and knowingly waiving his right to counsel and granted defendant's request to represent himself. To further protect defendant's rights, the assignment judge appointed stand-by counsel to assist defendant.

On June 20, 2017, defendant confirmed with a third judge, who had been assigned to try the case, that he wanted to continue to represent himself. During those proceedings, defendant reviewed but rejected a plea offer from the State.

A-5722-17

The trial began on April 9, 2018 with the selection of a jury. On that date, the judge again confirmed with defendant he was representing himself and reminded defendant that he had stand-by counsel who would be present during the trial and was available to defendant if he had any questions or needed assistance.

On the second day of trial, defendant asked for an adjournment and a psychological evaluation, contending that he did not comprehend what was happening at trial. He told the judge that he was "not saying [he was] insane," but did not understand all the procedures and did not feel "capable of making a decision." The judge rejected defendant's request for an adjournment and a psychological evaluation, finding that defendant understood what was happening at the trial, understood all the issues in the case, and had consistently demonstrated the ability to "cogently and coherently" speak and represent himself. The judge also found that defendant was "panicking" because the long-delayed trial had finally started. Finally, the judge iterated that defendant had stand-by counsel to assist him and to explain procedures.

During the next four days of the trial, defendant repeatedly requested adjournments, a psychological evaluation, and time to retain counsel. The judge denied all those requests, finding that defendant was "100[%] mentally

competent." The judge also found that defendant had never shown any signs of not understanding what was taking place in the criminal proceedings and that he had previously been given numerous opportunities to retain counsel but had repeatedly requested to represent himself. In addition, the judge found that defendant's requests were disingenuous and designed to delay and ultimately prevent the trial from ever concluding.

On April 24, 2018, the sixth day of trial, defendant sent a text message to the prosecutor, stating that he had voluntarily checked himself into a medical center's psychiatric unit. The next day, the judge called the medical center and was informed that defendant was provisionally diagnosed with major depressive disorder. The trial judge revoked defendant's bail, ordered that he be psychiatrically evaluated, and temporarily adjourned the trial until the evaluation was completed.

A court-appointed psychologist examined defendant on May 3, 2018 and found him to be competent. The psychologist informed the judge of his findings and prepared a report explaining that he had examined defendant in person and had spoken with the doctors who treated defendant at the psychiatric unit. In his report, the psychologist described defendant as alert, with his memory intact, and his thought process was logical and coherent during the examination. The

7

psychologist then opined that defendant "possesse[d] the requisite factual and procedural understanding of the court process" and evidenced "an ability to effectively communicate with counsel." The psychologist also opined that defendant was "competent to proceed with trial[.]"

On May 4, 2018, the trial judge denied defendant's motion for a mistrial, rejecting defendant's contention that he had mental disabilities that prevented him from representing himself. The judge stated that he had spoken with the psychologist who had evaluated defendant and the psychologist had opined that defendant was competent. The judge then recounted defendant's efforts to avoid the trial and found that defendant was feigning mental issues.[1]

The trial continued for several more days and concluded on May 8, 2018. During that time, defendant initially indicated that he would be testifying, but later advised the judge that he had not been able to prepare, even though the judge had given him the weekend to make such preparations. Ultimately, defendant did not testify, nor did he give a closing statement. The jury convicted defendant on all charges.

---

[1] Although the psychologist's report is dated May 4, 2018, it does not appear that the judge received the written report until sometime after it was prepared. Instead, the judge relied on an oral report, which the psychologist apparently gave directly to the judge.

A-5722-17

The psychologist conducted a second evaluation of defendant and prepared a report dated June 7, 2018 with his findings. Defendant was found to be alert, with "[n]o bizarre or delusional ideation[.]" The psychologist concurred with the diagnosis of bipolar disorder and found that defendant had "demonstrated significant improvement over [the] past month." The doctor then found that defendant's prognosis was good.

Following that second evaluation, defendant was sentenced to an aggregate prison term of ten years. On four counts, he was sentenced to concurrent terms of five years in prison. On the money laundering conviction, he was sentenced to five years in prison, but that term was run consecutive to the prison sentence on one of the other counts.

## II.

Defendant appeals and makes one argument:

> THE TRIAL COURT'S DECISION DENYING DEFENDANT-APPELLANT'S REQUESTS FOR AN ADJOURNMENT, PSYCHOLOGICAL EVALU-ATION AND COUNSEL WAS ERRONEOUS AND WARRANTS REVERSAL.

Criminal defendants have a constitutional right to counsel. U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. Defendants also have a federal and state constitutional right to waive counsel and represent themselves. Faretta v.

9

California, 422 U.S. 806, 813-14 (1975); State v. King, 210 N.J. 2, 16 (2012); State v. McNeil, 405 N.J. Super. 39, 51 (App. Div. 2009). "[W]aiver of the right to be represented by counsel must be done knowingly and intelligently, after the disadvantages and dangers of self-representation are carefully examined." McNeil, 405 N.J. Super. at 51 (first citing State v. Reddish, 181 N.J. 553, 592-95 (2004); and then citing State v. Crisafi, 128 N.J. 499, 510-12 (1992)). Nevertheless, the "right to self-representation is not absolute." Reddish, 181 N.J. at 587. Depending on the circumstances, a defendant may "be required to cede control of his defense to protect the integrity of the State's interest in fair trials and permit courts to ensure that their judgments meet the high level of reliability demanded by the Constitution." Ibid.

A defendant with a mental illness can represent himself so long as he is competent to stand trial. Indiana v. Edwards, 554 U.S. 164, 177-78 (2008); McNeil, 405 N.J. Super. at 51-52. In Edwards, the Court held that the federal "Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under [the federal standard] but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." 554 U.S. at 178. "Edwards does not prevent a State from permitting a defendant with a mental illness from representing

10

himself if competent to stand trial; rather, it held that the Sixth and Fourteenth Amendments do not require it." McNeil, 405 N.J. Super. at 52 (citing Edwards, 554 U.S. at 171-72). Accordingly, the Court in Edwards recognized that a defendant may be competent to stand trial if represented by counsel but nevertheless may not have the "ability to play the significantly expanded role required for self-representation[.]" 554 U.S. at 176. The Court in Edwards concluded that "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so." Id. at 177-78.

We accord substantial deference to a trial court's decisions concerning competence. State v. Purnell, 394 N.J. Super. 28, 50 (App. Div. 2007); State v. M.J.K., 369 N.J. Super. 532, 548 (App. Div. 2004). A trial court is required to hold a competency hearing only "[i]f there exists a 'bona fide doubt' regarding a defendant's competency to stand trial[.]" State v. Lambert, 275 N.J. Super. 125, 128 (App. Div. 1994) (citations omitted); see also M.J.K., 369 N.J. Super. at 547. A "bona fide doubt" requires evidence of incompetency. State v. Spivey, 65 N.J. 21, 36 (1974) ("[A]bsent any indication of incapacity . . . [a] court is not bound to interrupt a trial. 'Mere suggestion' of incapacity is not sufficient.").

11

Additionally, both the United States Supreme Court and New Jersey courts have recognized that a defendant's demeanor, irrational behavior, and "any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required[.]" Drope v. Missouri, 420 U.S. 162, 180 (1975); accord Lambert, 275 N.J. Super. at 129.

The issue presented in this case is different from the question considered in Edwards and McNeil. After having been granted the right to represent himself, defendant sought to withdraw his waiver during trial and have counsel assume his representation. Defendant does not dispute that he initially knowingly and voluntarily waived his right to counsel and was allowed to represent himself. Instead, he argues that when the trial began, he should have been allowed to change his position because he was no longer competent to represent himself. In making that argument, defendant asserts that the standard for evaluating competence to stand trial should be different from the standard for evaluating whether a defendant is competent to represent himself at trial. He also argues that the trial judge erred by using the former standard in rejecting defendant's request for an adjournment to retain counsel.

We agree that the standard for evaluating competency to stand trial is different than the standard for evaluating whether a defendant is competent to

12

represent himself at trial. The standard for determining competency to stand trial is set forth in N.J.S.A. 2C:4-4(b).[2] While New Jersey has not yet delineated

_____

[2] That statute provides:

> A person shall be considered mentally competent to stand trial on criminal charges if the proofs shall establish:
> (1) That the defendant has the mental capacity to appreciate his presence in relation to time, place and things; and
> (2) That his elementary mental processes are such that he comprehends:
> (a) That he is in a court of justice charged with a criminal offense;
> (b) That there is a judge on the bench;
> (c) That there is a prosecutor present who will try to convict him of a criminal charge;
> (d) That he has a lawyer who will undertake to defend him against that charge;
> (e) That he will be expected to tell to the best of his mental ability the facts surrounding him at the time and place where the alleged violation was committed if he chooses to testify and understands the right not to testify;
> (f) That there is or may be a jury present to pass upon evidence adduced as to guilt or innocence of such charge or, that if he should choose to enter into plea negotiations or to plead guilty, that he comprehend the consequences of a guilty plea and that he be able to knowingly, intelligently, and voluntarily waive those rights which are waived upon such entry of a guilty plea; and
> (g) That he has the ability to participate in an adequate presentation of his defense.

13

the standard for determining a defendant's competency to represent himself, we accept that that standard should consider information relevant to whether any established mental disability or illness could impair defendant's ability to represent himself at trial. That standard should also allow the trial court to consider whether a defendant was feigning a mental illness to delay the trial or gain some procedural advantage. See State v. Connor, 973 A.2d 627, 656-57 (Conn. 2009) (where the Connecticut Supreme Court adopted such a standard).

We disagree that the trial judge here used the wrong standard. Significantly, there was no evidence that defendant was incompetent to stand trial. During the five years of pretrial proceedings defendant's competence to stand trial was never raised. To the contrary, when defendant sought to represent himself, he testified that he had no mental illnesses and he had never experienced any psychological problems.

Accordingly, when defendant first asked for a psychological evaluation on the second day of trial, it was defendant himself who was contending for the first time that he was not competent to represent himself. More significantly, when defendant was evaluated, he was found to be competent.

[N.J.S.A. 2C:4-4(b).]

14

Defendant argues that the psychologist and judge both focused on and found only that defendant was competent to stand trial. Defendant therefore argues that neither the psychologist nor the judge properly considered whether defendant was competent to represent himself at trial. The record does not support that contention. While the psychologist and judge referenced defendant's competence to stand trial, they both understood that the issue was whether defendant was competent to continue to represent himself. The judge in particular understood that issue and repeatedly evaluated defendant's ability to understand the legal issues and procedures and his ability to represent himself.

The record does not contain any evidence that defendant ever became incompetent to either stand trial or represent himself. The only evidence of a mental issue was defendant's diagnosis with severe depression during the trial. The court-appointed psychologist concluded that that depression did not interfere with defendant's competency. Defendant has not submitted any evidence, including a rebuttal expert report, stating that his depression caused him to be incompetent in any way.

Accordingly, we reject defendant's argument that this matter should be remanded for a more precise and detailed hearing on his competency to represent himself at trial. As already noted, the trial judge adequately considered that

15

issue. Just as importantly, defendant has presented no evidence that he had a mental health issue that interfered with his ability to represent himself.

We also reject defendant's argument that the trial judge did not have an appropriate record to make his findings concerning competency. Defendant correctly points out that while a psychologist ultimately prepared a report, that report was not submitted when the judge made his ruling on May 4, 2018, nor did the psychologist testify. Instead, the judge relied on a conversation that he had with the psychologist. While those procedures were not ideal, we discern no basis for reversing the jury's verdict based on those procedures.

As already pointed out, defendant displayed no behaviors that raised a question about his competency. Instead, defendant asked for an adjournment for an evaluation and when he was not granted that, he checked himself into a psychiatric unit. All that took place in the middle of trial, where the court had to balance the rights of defendant against the interests of the jury and the State. After a careful review of the record, we discern no procedural error that warrants a reversal.

We also reject defendant's argument that his statements and behavior at trial gave the trial judge a reasonable basis to question defendant's competence. The trial judge made express findings that defendant was cogent and coherent

16

both at pretrial proceedings and trial.  With the benefit of having defendant in front of him, the trial judge found that defendant's real purpose was to feign a mental illness in an effort to delay and ultimately prevent the trial from ever concluding.  The trial judge's findings are supported by adequate evidence in the record and, just as significantly, there is no evidence that would cause us to reject the trial judge's factual findings.

Finally, we reject defendant's contention that the trial judge should have directed stand-by counsel to assume representation of defendant.  Defendant did not ask for that relief at trial.  Instead, he had previously stated that he did not want stand-by counsel as his trial counsel and he was requesting an open-ended adjournment to retain new counsel.  The trial judge had the discretion to reject that request, which would have effectively required a substantial period for new counsel to get up to speed and would have required an adjournment of the trial. See State v. Kates, 216 N.J. 393, 396 (2014) (recognizing that while a criminal defendant has a right to counsel of choice, that right is not absolute and may be balanced against the demands of the court's calendar and other considerations).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5722-17