952 A.2d 1091 (2008)
402 N.J. Super. 57
Nicola DAOUD, Plaintiff-Respondent,
v.
Adnan MOHAMMAD, Defendant-Appellant.
No. A-5446-06T2
Superior Court of New Jersey, Appellate Division.
Submitted May 21, 2008.
Decided July 24, 2008.
Adnan Mohammad, appellant pro se.
Harry S. Karpen, Clifton, for respondent.
Before Judges WEFING, PARKER and KOBLITZ.
*1092 The opinion of the court was delivered by
KOBLITZ, P.J.F.P. (temporarily assigned).
In this commercial tenancy appeal, defendant Adnan Mohammad appeals from a judgment for possession entered on May 25, 2007, in a summary dispossess action commenced in the Special Civil Part for non-payment of rent. N.J.S.A. 2A:18-53. Ordinarily, such actions are statutory proceedings designed to accord landlords an expeditious and inexpensive means of regaining possession of leased premises as authorized by statute. See Hodges v. Sasil Corp., 189 N.J. 210, 220, 915 A.2d 1 (2007). A tenant may raise lack of habitability claims in such proceedings, however, and obtain a Marini hearing, provided the tenant deposits the rent with the Clerk of the Court. Marini v. Ireland, 56 N.J. 130, 265 A.2d 526 (1970); Demirci v. Burns, 124 N.J.Super. 274, 276, 306 A.2d 468 (App.Div.1973) (finding Marini equally applicable in commercial tenancies and applying the holding of Marini to a commercial tenancy dispute); N.J.S.A. 2A:18-55. In this case, defendant requested such a hearing but did not deposit the rent as required. Accordingly, the trial court entered a judgment for possession. Thereafter, defendant vacated the commercial premises, which has since been re-rented. Consequently the appeal is moot and we are constrained to dismiss the appeal.
Nonetheless, we elect to comment on the nature of the proceedings conducted in the trial court because we have noted certain irregularities. When defendant initially appeared before the trial court on May 8, 2007, the court recognized that defendant required an interpreter and stated that a court-approved interpreter would be needed for trial. The trial court, however, permitted defendant's brother to serve as an interpreter for the May 8 appearance.
Defendant's brother's name was not placed on the record and he was not put under oath as an interpreter or a witness. Rather than interpret, it appears from the record that the brother served as an advocate for defendant. We do not know if he had the ability to interpret for defendant, as he seemed somewhat limited in his own ability to speak English. Further, defendant's brother did not appear to understand the role of an interpreter in the process. He seemed to think a trial was taking place at which defendant was not being given the opportunity to present his evidence.
The brother raised the defense that defendant had to remedy a leaking roof on the store, as well as other habitability defects, indicating defendant had deducted the cost of these repairs from the rent. The brother advocated that the rent paid was appropriate in light of the poor condition of the rented store which defendant repaired. The trial court ordered a Marini hearing, directing defendant to deposit $4,038, the total back rent owed, with the court that day. When defendant's brother continued to argue, the trial court threatened to incarcerate him.
Defendant next appeared in court on May 25, 2007. This time, a court-approved interpreter was utilized. Apparently, defendant had not understood that he was to have immediately deposited the rent with the court in order to preserve his right to a hearing. He claimed to have spent $40,000 to repair and improve the rented store. When defendant offered to pay the entire back rent immediately in order to obtain a hearing, the trial court denied the request, indicating it had been "clear" at the May 8 hearing that the money had to be deposited that day. He then entered *1093 judgment for possession in favor of the landlord.
Based upon the foregoing, we conclude that defendant was deprived of a full and fair opportunity to be heard as a result of not having had a court-approved interpreter from the outset. The Standards for Delivering Interpreting Services in the New Jersey Judiciary provide that "[a]ll people, including persons with limited proficiency in English, should have equal access to court proceedings, programs and services." Administrative Office of the Courts, Directive # 3-04 (AOC Directive # 3-04) (March 22, 2004), available at http://www.judiciary.state.nj.us/.directive/.personnel/.dir_03_04.pdf. See also, State v. Ehrenberg, 284 N.J.Super. 309, 316 fn. 4, 664 A.2d 1301 (Law Div. 1994), citing State v. Kounelis, 258 N.J.Super. 420, 609 A.2d 1310 (App.Div.1992) (noting that N.J.S.A. 2B:8-1 requires that interpreting services be provided for cases in the Law Division and Family Part "in the manner established by the Chief Justice"); State v. Rodriguez, 294 N.J.Super. 129, 682 A.2d 764 (Law Div.1996) (finding appellant's constitutional rights to counsel and to confront witnesses violated where a Spanish-speaking court-approved interpreter was not present for all of appellant's hearings in municipal court on a drunk driving charge).
The following Standards are applicable here. In any proceeding where a transcript may be made, an interpreter must be utilized to assist any person with limited proficiency in English who is a named party. Id. at Standard 1.2. Additionally, "[i]nterpreters should be provided whenever a failure of communication may have significant negative repercussions." Id. at Standard 1.2. The judiciary should only use interpreters registered with the New Jersey Administrative Office of the Courts and the use of family members and friends as interpreters should be avoided. Id. at Standard 1.3. The interpreter should be provided free of charge, absent an abusive request for such service. Id. at Standard 1.4. All interpreters must take an oath and state his or her name and status as an official interpreter on the record before beginning to interpret. Id. at Standard 3.2. Moreover, if a court-approved interpreter is not reasonably available and there is an emergent matter, a telephone interpreter should be used. Administrative Office of the Courts, Directive # 14-01, Standard 1 (April 24, 2001), available at http://www.judiciary.state.nj.us/directive/vicops/dir14_01.pdf.
In this case defendant was not afforded the services of a court-approved interpreter and it is not clear that he understood what was required in order to receive a hearing on his defense.
Because the court's jurisdiction is limited to determining the issue of the landlord's right to possession of the premises, and, as previously noted, the tenant vacated the premises and the premises have been re-rented, the issue can no longer be determined. Nonetheless, we are constrained to add that if defendant feels aggrieved by the disposition, he may still pursue a remedy in the Law Division. See Academy Spires, Inc. v. Jones, 108 N.J.Super. 395, 400, 261 A.2d 413 (Law Div.1970) (stating a landlord who unjustifiably seeks and obtains possession may later be held to respond in damages and citing N.J.S.A. 2A:18-59, Construction and Renting Corp. v. Stein, 6 N.J.Super. 239, 70 A.2d 877 (App.Div.1950), and Lyster v. Berberich, 3 N.J.Super. 78, 65 A.2d 632 (App.Div.1949)). We do not suggest that such an action should be pursued or would have a favorable outcome; we simply point out that there are means of relief for an aggrieved tenant other than retention of the premises.
*1094 The appeal of the judgment for possession is dismissed as moot.