**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3051-18T4

JOHN H. ECHEVERRY,

    Plaintiff-Respondent,

v.

RON BELLO,

    Defendant-Appellant.

_____

Argued December 11, 2019 – Decided December 23, 2019

Before Judges Koblitz, Whipple and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. SC-000036-19.

Ron Bello, appellant, argued the cause pro se.

Respondent has not filed a brief.

PER CURIAM

    Defendant Ron Bello appeals from a February 15, 2019 judgment for $442 entered against him after a bench trial in small claims court. Although plaintiff John H. Echeverry did not respond to the appeal by filing a brief, he did appear

at oral argument, where it became clear that his knowledge of the English language is limited. Perhaps because he was not afforded a Spanish interpreter at trial, his trial testimony regarding the $450 "Jersey City job" was somewhat confusing. Because the judgment appears inconsistent with the judge's findings, and the findings inconsistent with the testimony, we remand for reconsideration.

Defendant hired plaintiff, a contractor, to do renovation work at two locations pursuant to two oral contracts. The first contract, in Union City, was for $4500, of which defendant paid $3000 leaving a balance due of $1500. Plaintiff billed defendant an additional $2500 for purported "extra" work on this job.

Plaintiff billed defendant $450 for the second smaller repair job, in Jersey City, but defendant claimed plaintiff agreed to accept $200. Plaintiff sued defendant in small claims court for the outstanding payments.

As to the Union City job, the judge determined that plaintiff was entitled to the $3000 paid on a quantum merit theory but forfeited the balance due to his failure to complete the work. The judge also found that the $2500 purportedly billed for "extra" work was actually work performed to repair and correct plaintiff's original work. As a result, plaintiff was not entitled to the additional $2500.

A-3051-18T4

Regarding the Jersey City job, the judge found the contracted price was $450. The judge awarded judgment in favor of plaintiff for $442, in spite of testimony that defendant offered plaintiff $200 and plaintiff took that payment "because [he] need[ed] the money." Defendant appeals, arguing the judge erred because plaintiff admitted during trial that he accepted $200. The judge found in her written decision that the contract price was $450. Plaintiff admitted at trial that he was paid $200. Based on that information, the judgment would reasonably be no more than $250 plus the $42 filing fee.

Plaintiff appeared for oral argument before us. Because he had not filed a brief, he was not permitted to argue. R. 2:6-4(b). When we attempted to explain why he could not argue, it became clear that he had some difficulty understanding. He did understand when we spoke in Spanish. At trial, plaintiff testified in English and seemed to understand and speak English fairly well, but not without several misunderstandings.

The Language Access Plan states that "[t]he Judiciary shall provide equal access to court proceedings, programs and services for all people, including persons who are limited English proficient (LEP)." Administrative Directive #01-17, "New Jersey Judiciary Language Access Plan" (Jan. 10, 2017). "Each county shall provide interpreting services necessary for cases . . . in the Law

Division and the Family Part of the Chancery Division."  N.J.S.A. 2B:8-1.
Standard 1.2 of the Language Access Plan requires interpreters "for all court
proceedings, programs, services or court-ordered events that take place inside
the courthouse . . . so that an LEP person can fully participate in and have
meaningful access to the justice process."  Administrative Directive #01-17,
"New Jersey Judiciary Language Access Plan" (Jan. 10, 2017); see Daoud v.
Mohammad, 402 N.J. Super. 57, 60–61 (App. Div. 2008).

We cannot determine with any certainty whether plaintiff was entitled to
an interpreter.  He did not ask for one at trial.  He did not participate in this
appeal and thus raised no issue concerning the lack of an interpreter at trial.  We
therefore mention but do not resolve this issue.

The small claims court trial was somewhat rushed due in part to the judge's
calendar.  Defendant identified himself as an attorney and said he had time
concerns.  The judge said the parties would have to conclude the trial within a
half hour or go back to the presiding judge for reassignment.  Both parties chose
to proceed on that basis.  The judge was patient, questioning plaintiff to clarify
the facts, which he presented in a confusing manner.

A-3051-18T4

Two weeks after trial, the judge sent the parties a written decision and judgment.  With regard to the $442 judgment at issue on appeal, the decision states:

> As for the Jersey [C]ity job, the [c]ourt finds that there was no agreement by Echevarry to accept $200.  If there had been, Bello would have paid him or at least offered to pay that amount.  Echeverry is entitled to be paid $450[1] for the work done and described on the Jersey City job.

At trial, both parties testified that plaintiff accepted $200 proffered by defendant, although plaintiff did not agree that his acceptance constituted an acknowledgement of full payment.  Plaintiff testified he was seeking the remaining $250 from the Jersey City job.

We defer to the trial court when a decision after a bench trial is based on substantial credible evidence in the record.  Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974).  In this small claims case, the written reasoning of the judge is contrary to the record.  We therefore remand for reconsideration, giving the judge an opportunity to review the transcript or conduct a new trial, as the judge deems appropriate.  Should plaintiff seek relief

---

[1]  Inexplicably, the judgment was not for $450, but for $442, including a $42 filing fee.

regarding a need for a Spanish language interpreter, we do not express a view as to whether such relief should be granted.

Reversed and remanded for reconsideration. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION