**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1903-19T3

JOEY T LLC,

     Plaintiff-Appellant,

v.

JOY HALL,

     Defendant-Respondent.

_____

> Submitted December 7, 2020 – Decided January 11, 2021
>
> Before Judges Hoffman and Suter.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. LT-002777-19.
>
> Samara Trocki-Videll attorney for appellant.
>
> Respondent has not filed a brief.

PER CURIAM

Plaintiff (landlord) appeals an order that granted defendant (tenant) a hardship stay of eviction. Because the tenant vacated the apartment, we dismiss the appeal as moot.

Since 2014, defendant was a tenant in an apartment unit plaintiff's property at Cologne Avenue in Mays Landing. On July 3, 2019, plaintiff filed an eviction proceeding against defendant for non-payment of rent. The trial date was scheduled for August 7, 2019. When defendant failed to appear for trial, a judgment for possession was entered against her and a warrant of removal was executed to evict her.

On August 20, 2019, the date set for the execution of the warrant of removal, defendant filed an order to show cause, which the court heard on September 4, 2019. The court granted defendant a hardship stay for ninety (90) days until December 5, 2019. The written order specifically stated defendant may apply for an extension of her hardship stay by filing an application for an order to show cause no later than Friday, November 22, 2019.

On December 4, 2019, defendant's daughter filed an application for an order to show cause. The court granted the application for hearing on December 11, 2019. During the hearing, plaintiff reiterated the objections to the scheduling of the order to show cause hearing and all other procedural objections. The court found that all of plaintiff's objections were appropriate; however, the court extended defendant's stay in the premises an additional

ninety (90) days, allowing defendant until March 6, 2020 to vacate the premises. Plaintiff filed a notice of appeal on January 13, 2020.

Defendant argues that defendant failed to personally file the application for the order to show cause herself, and thus the application lacked standing to be heard by the courts. Regardless, the application for the order to show cause extending defendant's time to stay should have been denied because it was not filed by November 22, 2019, the required deadline stated in the previous order granting the hardship stay.

N.J.S.A. 2A:42-10.6 permits a judge in a possessory action of any type to stay a warrant for removal from dwelling premises, but not in excess of six months after entry of a judgment for possession, where it appears that hardship is presented because of the unavailability of other dwelling accommodations. We have held that extended stays of warrants for removal in situations not coming within the prescription of this statute are invalid as beyond the jurisdiction of the court. Housing Authority v. Little, 263 N.J. Super. 368, 371 (N.J. Super. 1993). The judgment for possession was entered on August 7, 2019 and a warrant of removal was filed. Calculation shows that six months from the date the judgment for possession was entered, August 7, 2019, would be February 6, 2020, not March 6, 2020.

A-1903-19T3

We have no opposition from defendant.

In July 2019, plaintiff filed for eviction for three months non-payment of rent. Defendant did not appear on the scheduled hearing date. A judgment of possession was entered on August 7, 2019. Defendant filed for a hardship stay on the same day the warrant of removal was to issue. The court granted the stay until December 5, 2019. Defendant missed the deadline in the order to file for an extension, but her daughter filed an application on defendant's behalf to extend the hardship stay. The court granted this request to March 6, 2020, over plaintiff's objection.

The court erred in granting the hardship stay until March 6, 2020. Under N.J.S.A. 2A:42-10.6, a hardship stay can only be granted for a six-month period after entry of the judgment of possession. That deadline was February 6, 2020, not March 6, 2020.

Other problems include the fact that the court allowed defendant's daughter to file an order to show cause on her mother's behalf. There is no indication the daughter had standing. I do see that defendant is alleged to be homebound due to emphysema, but that should not have prevented defendant from signing a certification.

A-1903-19T3

Ordinarily, we will dismiss as moot an appeal challenging an eviction where the tenant has been removed, and the premises have been re-rented, or the tenant has vacated the premises. See Daoud v. Mohammad, 402 N.J. Super. 57, 61 (App. Div. 2008) ("Because the court's jurisdiction is limited to determining the issue of the landlord's right to possession of the premises, and . . . the tenant vacated the premises and the premises have been re-rented, the issue can no longer be determined."); Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) ("Ordinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot."); Ctr. Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 347 (App. Div. 1993) (tenant's right to remain on premises is moot where tenant voluntarily vacated premises despite a stay of ejectment). The removed tenant still has a right to seek, in the Law Division, damages arising from a wrongful eviction. Daoud, supra, 402 N.J. Super. at 61.

We are satisfied this appeal is moot. We consider an issue moot when "our decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006)); see also Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) (noting in a landlord-tenant action,

"[o]rdinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot").

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1903-19T3