**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2978-21

DARREN PIEPER,

    Plaintiff-Appellant,

v.

ZACHARY COLFER,

    Defendant-Respondent.

_____

> Submitted February 6, 2024 – Decided February 14, 2024
>
> Before Judges Whipple and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. LT-000062-21.
>
> Darren Pieper, appellant pro se.
>
> Respondent has not filed a brief.

PER CURIAM

    In this one-sided appeal, pro se plaintiff Darren Pieper challenges a September 29, 2021 order denying his request for an immediate trial in the

landlord-tenant action he filed against defendant Zachary Colfer.[1]  Plaintiff also appeals from a March 2, 2022 order dismissing his landlord-tenant matter with prejudice.  Because we cannot grant relief to plaintiff for property he admittedly no longer owns, we dismiss the appeal as moot.

## I.

We summarize the salient facts from our review of the motion record. Plaintiff previously owned property located at 1064 County Road 523 in Flemington (Property).  In 2021, he filed an action to eject defendant and other individuals from the Property.  Plaintiff deemed defendant a "holdover room-tenant" who remained on the Property based on a "verbal lease with [p]laintiff's ex-wife."

After defendant purportedly "took over . . . [p]laintiff's entire house," "broke into . . . [p]laintiff's detached [three]-bay garage to . . . occupy it," and "threatened to burn down the house," plaintiff filed an order to show cause, asking the trial court to schedule "an immediate landlord[-]tenant trial based upon 'emergent circumstances.'"  On September 29, 2021, the trial court heard argument on the application.  During the hearing, defendant's attorney argued

---

[1]  Plaintiff's claims against two other defendants were dismissed without prejudice in November 2021, and those defendants are not involved in this appeal.

the trial court had no jurisdiction over the matter because plaintiff failed to serve a "notice to quit" and a "notice to cease" on defendant in conjunction with the order to show cause. Plaintiff disputed the jurisdictional issue. Accordingly, the judge stated he would "double check" defendant's position "before . . . entering any kind of an order denying [plaintiff's] request for an immediate . . . trial." Later that day, the judge denied the order to show cause.

In a cogent written opinion accompanying the September 29 order, the judge found plaintiff failed to "establish[] any emergency circumstances that would justify the immediate scheduling of a landlord-tenant trial." Further, the judge concluded that "other than the nonpayment of rent claim, plaintiff ha[d] not set forth any actionable basis for evicting a tenant under the anti-eviction statute[.] N.J.S.A. 2A:18-61.1[ to -61.12]."[2] However, the judge stated plaintiff's "complaint seeking a judgment of possession [wa]s preserved, and the matter w[ould] remain on the court's docket as an action for possession based upon non-payment of rent." Additionally, the judge ordered the matter to "be scheduled for disposition in the normal course."

---

[2] The Anti-Eviction Act protects residential tenants from eviction unless the landlord demonstrates good cause for removal under one of the enumerated grounds, including a tenant's nonpayment of rent, N.J.S.A. 2A:18-61.1(a), and disorderly conduct, N.J.S.A. 2A:18-61.1(b).

3

The record reflects the Property was scheduled for a sheriff's sale in December 2021, but the sale was delayed for approximately two months. According to plaintiff, he "lost ownership of his property in February of 2022 because he was unable to obtain possession to be able to pay his mortgage." Therefore, on March 2, 2022, the trial court dismissed plaintiff's complaint with prejudice. In a brief statement of reasons accompanying the March 2 order, the judge found "[p]laintiff [wa]s no longer the owner of the [P]roperty."

## II.

On appeal, plaintiff argues:[3] (1) "the [trial] court had jurisdiction, . . . plaintiff notified . . . defendants, but the court erred in not recognizing the multiple attempts"; (2) "the [trial] court erred in not noticing that . . . plaintiff had multiple grounds to evict . . . defendants under the Anti-Eviction Act"; (3) "the [trial] court erred in not noticing that . . . plaintiff served notice by his lawsuit that was filed against . . . defendants [and] . . . in stating that both notices [we]re required 'notice to quit' and 'notice to cease[,]' neither of which is a titled document under N.J.S.A. 2A:18-61"; and (4) "plaintiff was denied [the] opportunity to show good cause."

_____

[3] We recite plaintiff's arguments verbatim, except where indicated.

For the first time on appeal, plaintiff also contends the trial "court erred in not noticing . . . plaintiff filed an action to eject . . . defendants," and the "eviction moratorium did not apply to ejectments." Further, he newly argues his "foreclosure action should have . . . been just cause to eject . . . defendants."

"Generally, an appellate court will not consider issues, even constitutional ones, which were not raised" before the trial court. State v. Galicia, 210 N.J. 364, 383 (2012); see also Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). As our Supreme Court explained, "[a]ppellate review is not limitless. The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009).

Further, we typically "will not entertain cases when a controversy no longer exists[,] and the disputed issues have become moot." De Vesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring). "An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (quoting N.Y. Susquehanna & W. Ry. Corp. v. State Dep't of Treasury, Div. of Tax'n, 6 N.J. Tax 575, 582 (Tax 1984), aff'd, 204 N.J. Super. 630 (App. Div. 1985)). In short, we "do not resolve issues that have

become moot due to the passage of time or intervening events." Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (App. Div. 2018) (quoting State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016)). For example, "[o]rdinarily, where a tenant no longer resides in [a] property, an appeal challenging the propriety of an eviction is moot." Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) (citing Ctr. Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 347 (App. Div. 1993)); see also Daoud v. Mohammad, 402 N.J. Super. 57, 61 (App. Div. 2008).

Here, plaintiff expressly admits he "is only appealing as a matter of semantics." He explains that once defendant "took illegal full possession" of the Property, plaintiff could not pay his mortgage and "lost ownership of his property in February of 2022." Plaintiff also acknowledges "[t]he new owners who took over the [P]roperty have since evicted [defendant,] . . . which no longer makes [defendant] a part of this action."

Under these circumstances, plaintiff's appeal is moot. Thus, we decline to speculate whether he would have prevailed at trial or whether he would have avoided the loss of his Property to a sheriff's sale had his landlord-tenant trial been scheduled sooner.

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2978-21