**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2056-24

DAVID MCINTYRE, ABQO
MANAGEMENT, LLC, and
AQ 425 NORTHAM DRIVE, LLC,

      Plaintiffs-Respondents,

v.

KEVIN PETERKIN and
JASMINE HYLTON,

      Defendants-Appellants.

_____

           Submitted January 27, 2026 – Decided February 9, 2026

           Before Judges Perez Friscia and Vinci.

           On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. LT-010173-24.

           Kevin Peterkin and Jasmine Hylton, self-represented appellants.

           Falk, Flotteron & Davidson, LLP, attorneys for respondents (Jacob P. Davidson, on the brief).

PER CURIAM

Defendants Kevin Peterkin and Jasmine Hylton, self-represented, appeal from the following Special Civil Part orders in this landlord tenant matter: the February 10, 2025 order denying their motion to dismiss; the February 24, 2025 order requiring defendants to deposit their unpaid rent into court; the February 28, 2025 judgment of possession entered in favor of plaintiffs David McIntyre, ABQO Management, LLC (ABQO Management), and AQ 425 Northam Drive, LLC, (AQ 425); the March 25, 2025 order denying their request for a stay, reconsideration, and other relief; and the March 28, 2025 warrant of removal entered in favor of plaintiffs. Having reviewed the record, parties' arguments, and applicable law, we affirm substantially for the reasons stated by the Special Civil Part judge in his well-reasoned decisions.

I.

We briefly summarize the facts and procedural history from the record. In March 2024, McIntyre entered a residential lease on behalf of ABQO Management with defendants for a condominium in North Brunswick. The lease was for a one-year term, and the monthly rent was $2,695. After defendants only paid $1,000 towards October's rent and failed to pay November's rent entirely, McIntyre filed a summary dispossess action for nonpayment of rent on

2                                                                      A-2056-24

November 29, 2024.  The complaint named McIntyre and ABQO Management as plaintiffs.

On December 10, 2024, Peterkin filed a motion to dismiss and attempted to "assert a counterclaim for equitable relief" and damages.  Peterkin alleged McIntyre and ABQO Management failed to comply with the applicable notice requirements, violated due process, and breached the parties' lease.  Peterkin did not dispute receiving the complaint, which the Special Civil Part had emailed to him on December 2, 2024.  He asserted multiple reasons for dismissal, including that "the property [was] . . . conveyed under a religious agreement"; there were emotional circumstances due to the "loss of a loved one"; the property was in an unhabitable condition due to "dirty carpets, unpainted walls, . . . dust[,] and cobwebs"; "unjust enrichment"; "federal monetary policies"; and other violations.  Defendants also included affidavits asserting they never received "formal notice" of the complaint.  Peterkin attached a document titled "Plea of Tender and Demand for Lawful Money Redemption," with a photocopy of a one-dollar bill he allegedly "tendered," and argued the payment completed their "obligation" and extinguished their arrears.

3

On December 23, 2024, the trial judge denied the motion as Peterkin acknowledged receiving the complaint pursuant to Rule 6:3-4(a),[1] which precludes counterclaims in summary dispossess actions.

On January 31, 2025, counsel for plaintiffs filed a notice of appearance. The same day, defendants[2] filed a second motion to dismiss. Defendants alleged dismissal was mandated because plaintiffs were not properly represented by counsel, failed to register the subject property pursuant to N.J.S.A. 46:8-28, lacked standing, failed to provide requisite notice, had not properly maintained the property because there were "habitability issues," had received a foreclosure notice for the property, and violated other policies. Defendants included an exhibit showing the 2021 deed that transferred the property from McIntyre to AQ 425. Defendants also submitted a joint certification, attesting that they had not received a thirty-day notice to cure or quit.

On February 10, 2025, after hearing argument, the judge issued an order accompanied by an oral decision denying the motion. Defendants asserted

---

[1] Rule 6:3-4(a) states, "Summary actions between landlord and tenant for the recovery of premises shall not be joined with any other cause of action, nor shall a defendant in such proceedings file a counterclaim . . . ."

[2] We note it is unclear from the record whether some motions were filed jointly by defendants or individually.

during argument that only Peterkin received an email from the Special Civil Part attaching a copy of the complaint and they had not received any other notices sent. Hylton argued dismissal was appropriate because she was not personally served but maintained her counterclaim should be heard. Plaintiffs' counsel represented that McIntyre had received the landlord registration for the property on February 3, 2025, but defendants argued the code enforcement officer did not sign the registration document.

In denying the motion to dismiss, the judge explained plaintiffs' counsel had filed an appearance. Further, he found no merit to defendants' registration argument because N.J.S.A. 46:8-33 provided that if a landlord "has failed to comply with the provisions of the [Landlord Tenant Act]" then "the [judge] shall continue such case for up to [ninety] days" to permit compliance. Regarding defendants' argument plaintiffs lacked standing, the judge accepted plaintiffs' counsel's representation that the corporate certificates for ABQO Management and AQ 425, which demonstrated McIntyre was the owner and sole member of both entities, were uploaded on eCourts. AQ 425 was the property owner of record and ABQO Management was the landlord and property manager. After reviewing the documents submitted, the judge amended plaintiffs' complaint to add AQ 425 "as a named party plaintiff" pursuant to Rule 4:9-2. The judge also

5

addressed defendants' jurisdiction arguments. Because Peterkin acknowledged receiving the complaint, but Hylton denied service of the complaint, the judge adjourned the trial for two weeks and permitted Hylton to be personally served with a copy of the complaint in court.

On February 19, 2025, defendants filed another motion to dismiss and requested reconsideration. They recast the previous arguments and additionally asserted there was a "procedural defect" because the judge's February 10, 2025 order was not in the court's "case jacket," "the property failed inspection," plaintiffs' attorney lied about not receiving the motion to dismiss, the judge improperly held oral argument despite defendants not requesting the same, they should be afforded a jury trial, and there were other violations. Defendants requested the judge rescind their signatures from the lease, dismiss the action with prejudice, and alternatively grant a jury trial.

On February 24, 2025, the judge heard defendants' motion and then conducted a bench trial. After defendants conceded they had filed an Open Public Records Act, N.J.S.A. 47:1A-1 to -13, request and received notice that the property was registered, the judge found plaintiffs had sufficiently established registration despite the confirmation form being unsigned.

6

McIntyre testified he was the sole managing member of ABQO Management, which was the landlord listed on the lease. He testified that he obtained the current registration for the property. Regarding the parties' lease, McIntyre testified that defendants were obligated to pay $2,695 a month in rent but in October 2024 they only paid $1,000. He testified that defendants thereafter failed to pay any rent and therefore a late fee of $75 per month was charged pursuant to the lease. McIntyre testified the total rent owed was $14,575 and he had paid approximately $2,500 in counsel fees.

Regarding the habitability issues at the property, McIntyre maintained defendants never raised any complaints whatsoever. On cross-examination, defendants questioned whether McIntyre had received emails they allegedly sent regarding the property's condition. After Peterkin indicated only he had the emails on his cell phone, the judge accepted defendants' representation that they had proofs regarding habitability and ordered a Marini[3] hearing for defendants to present the evidence.

Peterkin acknowledged the parties had entered the lease. He also admitted only $1,000 was paid for October's rent and no further rent was thereafter paid. At the conclusion of the testimony, the judge attempted to deliver his oral

---

[3] Marini v. Ireland, 56 N.J. 130, 144 (1970).

decision, but defendants continuously objected.  The judge requested multiple times that the parties cease interrupting, but they continued to interject statements and objections.  A court officer had to intervene and suggested Peterkin was acting in a threatening manner.  The judge stopped the proceedings several times and requested defendants listen.  After defendants failed to comport themselves appropriately, the judge concluded the proceedings.

The judge thereafter issued two orders and a written decision.  The judge awarded plaintiffs a warrant of removal but stayed issuance of the warrant for two weeks for defendants to proceed with a Marini hearing and file an appeal. Regarding defendants' motions to dismiss and for reconsideration, the judge denied the motions finding the following:  plaintiffs established the requisite registration was obtained for the property; the complaint was properly amended pursuant to Rule 4:9-2 to conform to the evidence; defendants were not entitled to a jury trial; defendants' arguments that plaintiffs could not proceed because a foreclosure notice was issued were unsupported; and defendants' service arguments lacked merit, noting the matter was adjourned for two weeks after Hylton was served in court.  The judge's companion order set a trial date of March 27, 2025, for the Marini hearing but conditioned the trial on defendants depositing into court the rent owed of $12,475, and March's rent of $2,695.  The

order also included notice to defendants that their failure to deposit the funds would result in the entry of a judgment for possession.

On February 25, 2025, defendants moved for a stay, reconsideration, and the judge's recusal. Defendants reiterated their earlier contentions. They also contended the judge's recusal was warranted because he had a conflict of interest, committed misconduct, did not afford a fair hearing, disregarded critical facts, and other various reasons. On February 26, 2025, defendants filed an order to show cause seeking to declare the lease unenforceable and seeking other relief. The judge denied both applications, finding defendants failed to deposit the necessary funds into court pursuant to Marini, but stayed the issuance of the warrant of removal for two weeks.

On March 3, 2025, defendants moved to vacate the judge's orders and requested plaintiffs provide relocation assistance. On March 6, defendants filed another motion to dismiss, arguing they had tendered plaintiffs one dollar on December 10, 2024, which they alleged satisfied and discharged their debt. Defendants filed an emergent application before this court to stay the judgment of possession, which we denied on March 6, 2025.

On March 10, 2025, defendants filed motions asserting the judge lacked the authority to hear the action, plaintiffs' counsel did not demonstrate "proof of

9

lawful representation," a complaint would be filed against the judge, violations of federal law occurred, and various other claims.[4]  Three days later, defendants filed another motion to vacate the judgment and for sanctions.

On March 11, 2025, plaintiffs moved for the issuance of the warrant of removal because defendants failed to deposit into court the rent owed.  The judge issued the warrant of removal on March 14.  Defendants thereafter filed further motions to vacate and dismiss on March 17 and March 18.  On March 25, the judge issued an order accompanied by a written statement of reasons denying defendants' motions.  The judge explained defendants' arguments lacked merit and no further stay would be granted.

On March 27, 2025, defendants filed another emergent application before this court for a stay, which we denied.  Defendants then moved for reconsideration, which we denied.  After defendants were removed from the property, defendants filed emergent applications before this court in May 2025 seeking to vacate the warrant of removal, restore possession of the premises, and enjoin enforcement, which were denied.

---

[4]  It is unclear whether some of defendants' submissions before the court were filed as motions or supplemental documents to pending motions.

On appeal, defendants raise the following contentions: (1) the judge "lacked subject matter jurisdiction because the landlord failed to comply with the mandatory registration requirements of N.J.S.A. 46:8-28"; (2) "the complaint was a legal nullity because" ABQO Management, a limited liability company, was not represented by counsel; (3) the judge erred by amending the complaint to add a different entity as a named plaintiff; (4) the judge lacked jurisdiction because service of process was defective; (5) "the warrant of removal was void because it was issued and executed during a pending appeal, in . . . violation of Rule 2:9-1(a)"; (6) the judge improperly canceled the habitability hearing; and (7) cumulative errors require reversal.

II.

Our review of a trial court's ruling on a motion to dismiss is de novo. Mueller v. Kean Univ., 474 N.J. Super. 272, 283 (App. Div. 2022) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). However, we review a trial court's order denying reconsideration for an abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016). Additionally, we "review a 'trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard.'" Nelson v. Elizabeth

11

Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)); see Mountain Hill, L.L.C. v. Township of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (quoting State v. Barone, 147 N.J. 599, 615 (1997) (noting appellate courts "do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence")). "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12, a landlord can evict a tenant from a residential apartment if the tenant "fails to pay rent due and owing under the lease whether the same be oral or written." N.J.S.A. 2A:18-61.1(a). "The complaint in a [landlord tenant] summary dispossess action based upon nonpayment of rent 'must expressly state the owner's identity, the relationship of the plaintiff to the owner, [and] the amount of rent owed . . . ,' and must include specific provisions for the tenant to pay the outstanding rent . . . ." State v. Hinton, 216 N.J. 211, 224 n.3 (2013) (second alteration in original) (quoting R. 6:3-4(c)). The Supreme Court has recognized in "summary

dispossess actions" tenants shall be provided a trial date "not less than [ten] days . . . nor more than [thirty] days from the date of service of the summons." Ibid. "When . . . the grounds for the action to dispossess the tenant is nonpayment of rent, the landlord is not required to serve a demand upon the tenant or give notice to the tenant before filing the action." Id. at 225 n.4 (citing N.J.S.A. 2A:18-61.2.). Further, there is no right to a jury trial in a landlord tenant summary action for possession of premises. Peterson v. Albano, 158 N.J. Super. 503, 506-07 (App. Div. 1978).

A "lease is a contract[,] . . . which sets forth [the parties'] rights and obligations to each other in connection with [a] temporary grant of possession of [one party's] property to [the other party]." Town of Kearny v. Disc. City of Old Bridge, Inc., 205 N.J. 386, 411 (2011). Our Supreme Court held in Marini that when a landlord rents a residential property, there is an implied warranty of habitability, which is "a covenant that at the inception of the lease, there are no latent defects in facilities vital to the use of the premises for residential purposes because of faulty original construction or deterioration from age or normal usage." 56 N.J. at 144. Before a tenant may allege a breach of the covenant of habitability and seek the application of the doctrine of constructive eviction, the tenant "must notify the landlord of the defective condition and afford the

13

landlord the opportunity to repair." Chess v. Muhammad, 179 N.J. Super. 75, 77 (App. Div. 1981). "A tenant may raise lack of habitability claims . . . and obtain a Marini hearing, provided the tenant deposits the rent with the [c]lerk of the [c]ourt." Daoud v. Mohammad, 402 N.J. Super. 57, 59 (App. Div. 2008).

The trial court is authorized pursuant to N.J.S.A. 2A:18-57 to issue a warrant of removal to enforce the judgment for possession "if no sufficient cause is shown to the contrary when the action comes on for trial." The warrant may not be issued "until the expiration of [three] days after the entry of judgment for possession." Ibid.

## III.

After reviewing the record, we affirm the judgment of possession and warrant of removal entered against defendants substantially for the judge's well-stated reasons. We add only the following brief comments.

Defendants contend the judge ignored their defenses and failed to afford them due process. A review of the record demonstrates otherwise. Defendants were provided ample opportunity to present their numerous claims, many of which were repetitive. Further, the judge exercised remarkable patience despite defendants' intemperate conduct and inappropriate pejorative statements during the proceedings. While defendants asserted many baseless arguments,

14

apparently to protract the proceedings, the judge addressed all of their contentions and provided sufficiently detailed legal reasons for denying their claims. We conclude the judge provided defendants with a fair "opportunity to be heard at a meaningful time and in a meaningful manner." Big Smoke LLC v. Township of West Milford, 478 N.J. Super. 203, 227 (App. Div. 2024) (quoting Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84 (App. Div. 2001)); Doe v. Poritz, 142 N.J. 1, 106 (1995).

We also reject defendants' claim that the judge erred in entering the warrant of removal "because it was issued and executed during a pending appeal." After entering a judgment of possession in favor of plaintiffs, the judge, on February 24, 2025, ordered the warrant of removal would issue but provided a two-week stay to afford defendants the opportunity to appeal and seek a stay before this court. Rule 2:9-1(a)(7) provides "the trial court . . . shall have continuing jurisdiction to enforce judgments and orders pursuant to R[ule] 1:10." We denied defendants' emergent application for a stay on March 6, 2025, because defendants did not dispute their failure to pay rent and to deposit the back rent owed in court pursuant to the judge's Marini hearing order. Therefore, the warrant of removal was properly issued pursuant to the judge's earlier order.

A-2056-24

To the extent that we have not addressed defendants' remaining contentions, it is because they lack sufficient merit to be discussed in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2056-24