**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0364-24

6 POMONA MANAGEMENT,
LLC,

     Plaintiff-Respondent,

v.

NELSON CROSS,

     Defendant-Appellant.

_____

          Submitted January 14, 2026 – Decided March 12, 2026

          Before Judges Currier and Jablonski.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-007028-24.

          Nelson Cross, self-represented appellant.

          Respondent has not filed a brief.

PER CURIAM

In this landlord-tenant action, defendant appeals from the June 25, 2024 order granting plaintiff judgment of possession, after a bench trial, for failure to pay rent. Discerning no error, we affirm.

Defendant executed a lease agreement with plaintiff for an apartment with the term running from April 1, 2023, to March 31, 2024. A portion of the rent was paid by the Newark Housing Authority, which inspected the property and approved the monthly rent amount. Plaintiff asserts defendant did not pay his portion of the rent in July, September, October, November 2023, and in April 2024.

On March 4, 2024, plaintiff notified defendant it was terminating the lease, effective April 4, 2024, due to non-payment of rent. On April 21, 2024, plaintiff filed a complaint in the Special Civil Part against defendant for residential non-payment of rent totaling $2,120.[1]

During the June 25, 2024 trial, defendant testified that he withheld rent payments in June, September, October, and November 2023 totaling $1,700 because the refrigerator was broken in his unit. He believed the lease agreement placed responsibility on plaintiff to repair the refrigerator. He stated that he paid rent every month after November 2023 up until June 2024.

[1] As of the day of trial, plaintiff asserted defendant owed $2,591 for unpaid rent.

A-0364-24

At the conclusion of trial, the court issued an oral decision and granted a judgment of possession in plaintiff's favor for $1,700 based on the amount defendant conceded he had not paid. The court noted that defendant was responsible for the refrigerator under the Housing Assistance Payment contract. In addition, defendant made some rent payments even after experiencing problems with the refrigerator. The court stated that its ruling was very narrow and that "all rights are reserved with respect to the refrigerator[] [and] other claims that the parties may have against each other." A memorializing order was entered the same day.

On July 23, 2024, the court entered an order for orderly removal, staying the execution of the warrant of removal until July 31, 2024.

On appeal, defendant contends the court erred in entering a judgment of possession because the apartment is an illegal unit, has habitability issues and the amount of the judgment is erroneous.

In reviewing an appeal from a bench trial, we "give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Allstate Ins. Co. v. Northfield Med. Ctr., PC, 228 N.J. 596, 619 (2017) (quoting Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015)). We do "not weigh the evidence, assess the credibility of witnesses, or

make conclusions about the evidence." Mountain Hill, LLC v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (quoting State v. Barone, 147 N.J. 599, 615 (1997)). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). We also defer to a trial judge's credibility determinations. In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997).

We do not accord the same deference to a trial court's interpretation of the law; our review instead is de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Addressing defendant's contention regarding the legality of the apartment, the court noted there was a valid certificate of registration and there was a May 2024 notice of violation.[2] However, the eviction proceedings were premised solely on the uncontested nonpayment of rent. The notice of violation did not render the lease invalid or preclude the eviction action. See N.J.S.A. 46:8-28, :8-33 (requiring a multiple dwelling property to be registered with the Department of Community Affairs as a prerequisite to the entry of a judgment of possession.); McQueen v. Brown, 342 N.J. Super. 120, 128 (App. Div. 2001)

---

[2] The violation had not yet been adjudicated at the time of trial.

(finding "that a lease is not automatically void simply because the landlord failed to obtain an occupancy permit.").

Defendant next asserts the court erred in not considering the habitability issues he raised regarding the unit. However, as stated, the court's determination granting the judgment of possession was narrowly restricted to the uncontested nonpayment of rent. The court explicitly advised the parties their respective rights were preserved regarding such contentions which could be considered under a Marini[3] hearing.

To the extent we have not commented on them specifically, all other points defendant raises on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[3] Marini v. Ireland, 56 N.J. 130 (1970). A Marini hearing is a separate proceeding commenced by the tenant, allowing them to "raise lack of habitability claims . . . provided the tenant deposits the rent with the [c]lerk of the [c]ourt," in an effort to seek equitable adjustments to the rent owed. Ibid.; Daoud v. Mohammad, 402 N.J. Super. 57, 58 (App. Div. 2008).

5

A-0364-24